UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE GEILING,

        Plaintiff,                         Case No. 1:25-cv-11231

v.                                                   Honorable Thomas L. Ludington
                                                       United States District Judge
CHARLIE SPRINGFIELD, et al.,

                                                       Honorable Patricia T. Morris
        Defendants.                United States Magistrate Judge
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS, (3) DISMISSING CASE, AND (4) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AS MOOT**

Proceeding *in forma pauperis* (IFP), Plaintiff Lance Geiling alleges that the Michigan Department of Health and Human Services (MDHHS) violated his Fourteenth Amendment Due Process Rights by not promptly processing an unspecified application that he submitted to MDHHS. Based on those allegations, on April 25, 2025, Plaintiff filed a *pro se* Complaint against six MDHHS employees seeking monetary damages. On May 2, 2025, the case was referred to Magistrate Judge Patricia T. Morris for resolution of all pretrial matters.

Because Plaintiff proceeds IFP, Judge Morris screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). In so doing, Judge Morris issued a report (R&R) recommending that this Court dismiss Plaintiff's Complaint for failure to state a viable claim for relief. Plaintiff objected to the R&R and moved to have counsel appointed for him. For the reasons explained below, Plaintiff's Objections will be overruled, Judge Morris's R&R will be adopted, Plaintiff's Complaint will be dismissed, and Plaintiff's Motion to Appoint Counsel will be denied as moot.

I.

On April 29, 2025, Plaintiff Lance Geiling filed a *pro se* Complaint against Defendants

Charlie Springfield, Ann Bak, Deb Tiepel, Bonnie Piper, Jody Schlaufman, and Michelle Morley—purportedly six Michigan Department of Health and Human Services (MDHHS) employees. ECF No. 1. Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that MDHHS violated his Fourteenth Amendment Due Process rights by not processing an application that he submitted to it in a timely manner and seeks $1,200,000 in damages. *Id.* at PageID.6–7. But he does not provide any details about the application or Defendants' role in the delay. *See generally id.*

When Plaintiff filed his Complaint, he also applied to proceed *in forma pauperis* (IFP). ECF No. 2. And on May 2, 2025, after the case was referred to Magistrate Judge Patricia T. Morris for all pretrial matters, ECF No. 5, Judge Morris granted Plaintiff's IFP Application, ECF No. 6. After that, Judge Morris screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)'s IFP procedures. *See id.* at PageID.17.

On May 8, 2025, Judge Morris issued a report (R&R) recommending that this Court *sua sponte* dismiss Plaintiff's Complaint for failing to state a viable claim. ECF No. 7. Judge Morris explained that Plaintiff's Complaint lacked sufficient detail to plausibly state that Defendants violated Plaintiff's Fourteenth Amendment Due Process rights. *Id.* at PageID.21–22. To that end, she emphasized that Plaintiff's allegations provided no information about his filed application or Defendants' individual involvement in the alleged constitutional violation. *Id.* (citing *Bell v. City of Cincinnati*, No. 1:23-CV-168, 2023 WL 8069216, at *1 (S.D. Ohio Nov. 21, 2023); *Bouza v. Bay City Police Dep't*, No. 1:25-CV-10260, 2025 WL 796127, at *2 (E.D. Mich. Feb. 20, 2025), R&R adopted, 2025 WL 792867 (E.D. Mich. Mar. 12, 2025)).

On May 14, 2025, Plaintiff moved to have counsel appointed for him for this case. ECF No. 8. One week later, Plaintiff objected to the R&R. ECF No. 9.

II.

Plaintiff's objections to the R&R, ECF No. 9, will be addressed first. As explained below, Plaintiff's Objections miss the mark.

A.

A party may object to and seek review of an R&R. *See* FED. R. CIV. P. 72(b)(2). If a party properly objects, then "[t]he district judge must determine de novo" the part of the R&R to which the objection pertains. FED. R. CIV. P. 72(b)(3). A party must object timely and with specificity—failure to do so waives any right of appeal. *Thomas v. Arn*, 474 U.S. 140, 151, 155 (1985) (citation omitted); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Likewise, parties may not "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge issues the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence the parties presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P. 72(b)(3).

B.

Plaintiff raises seven conclusory objections—most of which do not object to portions of the R&R. *See* ECF No. 9. First, Plaintiff generally asserts that his claims are not frivolous. *Id.* at PageID.25. Second, he argues that Defendants "knowingly and willfully violated [his] rights, stripping them of qualified immunity." *Id.* Third, he contends that his Complaint lacks detail because he is not an attorney. *Id.* Fourth, and relatedly, he requests additional "grace towards [his] filing errors." *Id.* Fifth, he contends that his assertion that his civil rights have been violated merits proceeding with the case. *Id.* Sixth, he states that "his formulaic recitations are [his] understanding

of the violation[s]" of his rights. *Id.* And seventh, he states that his Complaint "was short and vague" because the form asked for a brief description of his case. *Id.* No Objection is persuasive.

When a court adopts an R&R without modification, it need not recount the specifics of its review. *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005). Rather, to avoid duplicity and creating confusion in the record, a court should state only that it conducted a *de novo* review and adopts the R&R. *Id.* (citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), aff'd, 290 F. App'x 769 (6th Cir. 2008); *see also Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012).

This Court has reviewed the Complaint, ECF No. 1, the R&R, ECF No. 7, Plaintiffs' Objections, ECF No. 9, and all other relevant documents in the record. Having undertaken a *de novo* review and construed Plaintiff's *pro se* Complaint liberally, this Court concludes that Judge Morris's factual findings are accurate and that her legal analysis is sound. Thus, the R&R, ECF No. 7, will be adopted, Plaintiffs' Objections, ECF No. 9, will be overruled, and Plaintiff's Complaint, ECF No. 1, will be dismissed.

### III.

That leaves Plaintiff's Motion to Appoint Counsel, ECF No. 8. In civil cases, "appointment of counsel . . . is not a right." *Boussum v. Washington*, 655 F. Supp. 3d 636, 640 (E.D. Mich. 2023) (citation modified). Rather, it is "a privilege that is justified only by exceptional circumstances." *Id.* Plaintiff has not presented such circumstances. And in any event, because Plaintiff's Complaint, ECF No. 1, will be dismissed, his Motion to Appoint Counsel, ECF No. 8, will be denied as moot.

### IV.

Accordingly, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 7, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Objections to the Report and Recommendation, ECF No. 9, are **OVERRULED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

Further, it is **ORDERED** that Plaintiff's Motion to Appoint Counsel, ECF No. 8, is **DENIED AS MOOT**.

**This is a final order and closes this case.**

Dated: October 3, 2025             s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge